[No. 21717.  Department One.  August 9, 1929.]

ADELENE W. WILLIAMS, *Respondent*, v. W. R.
WILLIAMS, *Appellant*.[1]

*Hartman & Hartman* and *Morris & Dubuar,* for appellant.

*Bausman, Oldham & Eggerman* and *W. S. Greathouse,* for respondent.

FULLERTON, J.—This is an appeal from an interlocutory decree of divorce, entered in an action in which the respondent, Adelene W. Williams, was plaintiff, and the appellant, W. R. Williams, was defendant.  In the decree, the trial court awarded to the respondent certain real property as her sole and separate property, and entered a judgment in her favor for the sum of $750 as attorneys' fees.  While the appeal is from

[1]Reported in 279 Pac. 740.

the entire decree, the appellant does not question in this court the sufficiency of the evidence to sustain the decree in so far as it grants the divorce; questioning only the property award and the judgment for attorneys' fees.

Since actions for divorce involve a public interest, and since the statute provides that, where a superior court shall grant a divorce, it shall be for a cause distinctly stated in the complaint, proved and found by the court, and further provides that, on an appeal from the judgment, the supreme court shall be possessed of the whole case as fully as the superior court, "and may reverse, modify or affirm" the decree, "according to the real merits of the case," it is possible that this court would not allow a decree of divorce to stand on the mere concession of the parties. With this thought in mind, we have examined the evidence relative to this branch of the case. We find, however, no cause for interfering with the decree on this ground, as the evidence is ample to justify the findings and conclusions of the trial court thereon.

To an understanding of the question arising from the award made by the court of the property involved, we need give no more than a general outline of the facts. The parties intermarried in 1908, both having been previously married. There has been no issue of the marriage, nor is there any minor or dependent child, the issue of either of the former marriages. In 1915, the mother of the respondent resided in the city of Seattle, and was the owner of real and personal property of a considerable value. The real property consisted of a one-half interest in an apartment house situated in the city of her home, and the entire interest in a country home some distance therefrom. The personal property consisted principally of obligations due the mother.

At that time, the parties to the present action resided at the city of Portland, in the state of Oregon, where the appellant was engaged in business. His business, however, seems not to have been profitable, or even sufficient to meet the ordinary household expenses of himself and his wife, and the mother, from time to time, contributed thereto. In the year named, the mother requested the parties to come to Seattle and take up their home with her. This request was complied with, and the mother turned over the management of her business to the appellant. He continued in such management until the year 1927.

In the meantime, many changes in the mother's property took place. The country home was disposed of, the obligations were largely collected, the mother acquired the other half interest in the apartment house and acquired a farm. But the changes had taken place at the expense of the property. The real property was heavily incumbered by mortgages, which were about to become due with no means for meeting them, and the appellant himself, according to the testimony on the part of the respondent, had given it up as practically lost. In 1927, the mother and daughter selected another manager, and the appellant, at their request, turned over the management of the property to him.

During the period of the appellant's management, the mother conveyed a half interest in the apartment house to the daughter, and suffered the deed to the farm to be taken in her name. It is in the interests conveyed to the daughter that the appellant contends he is entitled to be awarded a share.

The statute relating to the disposition of property of husband and wife on granting a divorce is found at § 989 of the code (Rem. Comp. Stat.). It lays down no hard and fast rule governing in such

cases. It provides that such a disposition of the property be made as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by the divorce, and to the party through whom the property is acquired. Measured by these tests, we see no reason for disturbing the award of the trial court. Without going into detail, it is enough to say that the respective merits of the parties are all with the respondent; that she is the party through whom the property was acquired; and is the party who will suffer from a deprivation of the property. She has never engaged in an independent business, and it is doubtful whether she has capacity so to do. Her mother has now reached an extreme age, and the care and attention such a condition requires will fall upon the daughter. The appellant, on the other hand, has no dependents, and is at liberty to pursue the calling in which he has generally engaged without hindrances of any sort. Nor do we find that he is without capacity. If we read the record aright, his failures heretofore have arisen from causes which it is within his power to correct.

The objection to the allowance of the attorneys' fee, we think, is well taken. The appellant is without property out of which the fee can be collected, and if it is paid at all, it must be paid out of his future earnings. In the court below, the respondent, through her counsel, expressed the thought that the award was without value, and in her briefs in this court, makes no effort to defend it. In our opinion, it would be to the best interests of both parties if all subjects of controversy between them were ended, and to accomplish that result, we will direct that this part of the judgment be eliminated. Neither party will recover costs in this court.

332

The record will be remanded to the superior court with instructions that the judgment be modified as herein indicated. In all other respects, it is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.